STATE OF WEST VIRGINIA

**Richard T. McFall, Defendant Below,
Petitioner**

**FILED**

June 28, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-0709** (Summers County 10-C-19)

**Michael D. Skinner and Linda Catherine Skinner,
Plaintiffs Below, Respondents**

## MEMORANDUM DECISION

Petitioner Richard T. McFall, by counsel J. Steven Hunter, appeals the Circuit Court of Summers County's October 21, 2011 order striking his pleadings and granting default judgment to respondents in an action for slander of title. Petitioner also appeals the December 2, 2011 order denying his motion for reconsideration and awarding respondents $10,000 in punitive damages. Respondents Michael and Linda Skinner, by counsel E. Kent Hellems, have filed a response and a supplemental brief and also assert a cross-assignment of error as to the April 27, 2012 order re-entering the circuit court's December 2, 2011 damages order for purposes of petitioner's appeal. Petitioner has filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2010, respondents filed a civil action against petitioner alleging slander of title due to a recorded deed. The deed, dated October 14, 1989, was alleged to be an encumbrance on the title to respondents' 55.1 acre tract in Summers County. Respondents' predecessor in title obtained the property from petitioner's sister, Claire Marie McFall, by deed dated December 27, 1976. Of particular importance is the fact that petitioner signed the deed from his sister to respondents' predecessor in title as a witness. Respondents' 55.1 acre tract was a portion of the 104.6 acre tract that Ms. McFall obtained by deed dated April 3, 1973. On October 14, 1989, Ms. McFall executed a deed to petitioner that purported to convey the entire 104.6 acre tract to petitioner, despite the prior sale of 55.1 acres to respondents' predecessors in title. Petitioner then signed a deed, dated June 1, 1990, from himself to himself that purported to be a deed of partition and which utilized the description of respondents' property. According to respondents, petitioner thereafter purported to pledge the entire tract of land as collateral for a loan he obtained from Community Action of Southeastern West Virginia, Inc.

In their complaint, respondents alleged a loss of sale of approximately 3.5 acres of the total tract as a result of a title examination that revealed clouds to the title because of petitioner's

actions. According to respondents, these actions constituted false statements that were derogatory to respondents' title and were done with malice, especially in light of petitioner having witnessed the earlier conveyance by his sister. Petitioner answered pro se, denying respondents' allegations and making a counterclaim for adverse possession. Petitioner later retained counsel and amended his answer. In February of 2011, respondents served discovery on petitioner consisting of twenty-two interrogatories and twelve requests for production of documents. Petitioner failed to respond to the same within thirty days. After respondents' counsel attempted to informally resolve the discovery dispute, the circuit court entered an order granting petitioner thirty days from June 27, 2011, to answer the discovery. Petitioner again failed to respond.

In September of 2011, petitioner's then counsel, Jeffrey A. Pritt, filed a motion to withdraw because of petitioner's refusal to cooperate with him. The circuit court entered an order relieving him as counsel on September 30, 2011. By order entered on October 7, 2011, the circuit court found that petitioner had willfully violated the circuit court's repeated direction to provide discovery answers and failed to provide any good faith excuse for his failure to abide by the circuit court's order or to cooperate with his own counsel. Based upon a lack of any credible response from petitioner in regard to the respondents' complaint, the circuit court struck petitioner's pleadings and awarded default judgment to respondents.

On October 16, 2011, the circuit court held a hearing in regard to damages, at which point petitioner had retained new counsel. Petitioner requested a reconsideration of the prior ruling, which the circuit court denied. Petitioner also requested a continuance for the damages hearing, which the circuit court also denied. Following the hearing, the circuit court awarded respondents $15,310 in total compensatory damages and $10,000 in punitive damages by order entered on December 2, 2011. In February of 2012, petitioner filed a motion seeking to have the circuit court's December 2, 2011 damages order re-entered for purposes of appeal. Following a hearing, the circuit court granted the motion and re-entered the order. Petitioner now appeals.

Petitioner first alleges that the circuit court erred in striking his pleadings and entering default judgment in respondents' favor pursuant to Rule 37(d) of the West Virginia Rules of Civil Procedure. Rule 37(d) plainly states, in pertinent part, that

> [i]f a party . . . fails . . . to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Rule 37(b)(2)(C), in pertinent part, allows circuit courts to enter "[a]n order striking out pleadings or parts thereof, . . . or rendering a judgment by default against the disobedient party." Finally, we have previously instructed as follows:

> Before a circuit court may impose the sanction of dismissal or default judgment under Rule 37(d) of the West Virginia Rules of Civil Procedure . . . , the court must first make a finding that the party's failure was due to willfulness or bad

2

faith. Once this finding has been made, the circuit court must then weigh the following factors to determine if default judgment or dismissal is an appropriate sanction: (1) the degree of actual prejudice to the other party; (2) the effectiveness of less drastic sanctions; and (3) any other factor that is relevant under the circumstances presented.

Syl. Pt. 6, in part, *Cattrell Co., Inc. v. Carlton, Inc.*, 217 W.Va. 1, 614 S.E.2d 1 (2005). Upon our review, the Court finds no error in this regard. As we have previously held, "[t]he imposition of sanctions by a circuit court under Rule 37(d) of the West Virginia Rules of Civil Procedure is within the discretion of the trial court and will not be disturbed absent an abuse of discretion." *Id.* at 1, 614 S.E.2d at 1.

In the present matter, the circuit court specifically found that

[petitioner] willfully violated the order of the circuit court compelling him to provide answers to [respondents'] discovery; furthermore . . . [petitioner] has failed to provide any good faith excuse for his failure to abide by the court's order in this matter or to cooperate with his own counsel.

Further, the circuit court found that "there is no less restrictive sanction" and "no more appropriate remedy" than striking petitioner's pleadings and granting respondents default judgment. The circuit court noted that petitioner's failure to cooperate in discovery had caused an extensive delay in the proceedings, that "there is little[,] if any[,] good faith defense to the complaint filed," and that the decision to impose these sanctions was made "after due deliberation." While petitioner argues that the circuit court failed to apply the appropriate test and weigh the appropriate factors, it is clear that the circuit court made the appropriate findings prior to imposing sanctions. For these reasons, the Court finds no abuse of discretion in the sanctions.

Petitioner next alleges that the circuit court failed to make the appropriate findings to support an award of punitive damages. We have previously held as follows:

When this Court, or a trial court, reviews an award of punitive damages, the court must first evaluate whether the conduct of the defendant toward the plaintiff entitled the plaintiff to a punitive damage award under *Mayer v. Frobe*, 40 W.Va. 246, 22 S.E. 58 (1895), and its progeny. If a punitive damage award was justified, the court must then examine the amount of the award pursuant to the aggravating and mitigating criteria set out in *Garnes v. Fleming Landfill, Inc.*, 186 W.Va. 656, 413 S.E.2d 897 (1991), and the compensatory/punitive damage ratio established in *TXO Production Corp. v. Alliance Resources Corp.*, 187 W.Va. 457, 419 S.E.2d 870 (1992).

Syl. Pt. 6, *Perrine*, 225 W.Va. 482, 694 S.E.2d 815 (2010). Upon our review, we find no error in the circuit court's award of punitive damages. First, it is clear that under *Mayer*, petitioner's conduct toward respondents entitled them to punitive damages. We have stated that

"[i]n actions of tort, where gross fraud, malice, oppression, or wanton, willful, or reckless conduct or criminal indifference to civil obligations affecting the rights of others appear, or where legislative enactment authorizes it, the jury may assess exemplary, punitive, or vindictive damages; these terms being synonymous." Syllabus Point 4, *Mayer v. Frobe*, 40 W.Va. 246, 22 S.E. 58 (1895).

Syl. Pt. 4, *Alkire v. First Nat'l Bank of Parsons*, 197 W.Va. 122, 475 S.E.2d 122 (1996). As noted above, the circuit court determined that petitioner had no good faith defense to respondents' allegations. Further, based on the evidence presented and petitioner's "complete lack of candor with the [c]ourt," the circuit court found that petitioner's slander to respondents' title was willful and wanton.

Second, as to an analysis under *Garnes*, we have previously stated that

[w]hen a trial or appellate court reviews an award of punitive damages for excessiveness under Syllabus points 3 and 4 of *Garnes v. Fleming Landfill, Inc.*, 186 W.Va. 656, 413 S.E.2d 897 (1991), the court should first determine whether the amount of the punitive damages award is justified by aggravating evidence including, but not limited to: (1) the reprehensibility of the defendant's conduct; (2) whether the defendant profited from the wrongful conduct; (3) the financial position of the defendant; (4) the appropriateness of punitive damages to encourage fair and reasonable settlements when a clear wrong has been committed; and (5) the cost of litigation to the plaintiff. The court should then consider whether a reduction in the amount of the punitive damages should be permitted due to mitigating evidence including, but not limited to: (1) whether the punitive damages bear a reasonable relationship to the harm that is likely to occur and/or has occurred as a result of the defendant's conduct; (2) whether punitive damages bear a reasonable relationship to compensatory damages; (3) the cost of litigation to the defendant; (4) any criminal sanctions imposed on the defendant for his conduct; (5) any other civil actions against the same defendant based upon the same conduct; (6) relevant information that was not available to the jury because it was unduly prejudicial to the defendant; and (7) additional relevant evidence.

Syl. Pt. 7, *Perrine v. E.I. du Pont de Nemours and Co.*, 225 W.Va. 482, 694 S.E.2d 815 (2010). Based upon our review, the Court finds that the amount of punitive damages awarded is justified by aggravating evidence, including petitioner's profit in pledging the entirety of the parcel, including respondents' property, as collateral for a monetary loan. Further, the Court finds that a reduction to the punitive damages should not be permitted, as there is little, if any, mitigating evidence.

Finally, in analyzing the ratio between compensatory and punitive damages under *TXO*, the Court has previously held that

[t]he outer limit of the ratio of punitive damages to compensatory damages in cases in which the defendant has acted with extreme negligence or wanton disregard but

4

with no actual intention to cause harm and in which compensatory damages are neither negligible nor very large is roughly 5 to 1. However, when the defendant has acted with actual evil intention, much higher ratios are not per se unconstitutional.

*Id.*, 225 W.Va. at 556-57, 694 S.E.2d at 889-90 (quoting Syl. Pt. 15, *TXO Prod. Corp. v. Alliance Res. Corp.*, 187 W.Va. 457, 419 S.E.2d 870 (1992)). As noted above, the circuit court awarded respondents $15,310 in total compensatory damages and $10,000 in punitive damages, a ratio well within the range set forth above. For these reasons, the Court finds no error in the amount of the circuit court's award of punitive damages.

The Court also notes that, while petitioner alleges that the circuit court erred in denying his motion for reconsideration as an assignment of error, he has provided no argument in support thereof. Additionally, petitioner makes no argument in support of his allegation that the circuit court's denial of requests for a continuance on two occasions constitutes a due process violation. Therefore, in accordance with Rule 10(c)(7) of the Rules of Appellate Procedure, the Court declines to address these assignments of error.

Finally, the Court declines to grant respondents relief on their cross-assignment of error, wherein they allege that the circuit court erred in granting the motion to re-enter. While respondents are correct that the West Virginia Rules of Civil Procedure do not provide for a post-trial motion to re-enter for purposes of timely affecting appeal, the Court declines to grant respondents relief on their cross-assignment of error because of the Court's affirmation of the circuit court's award of default judgment and damages in respondents' favor.

For the foregoing reasons, we find no error in the decision of the circuit court and its orders are affirmed.

Affirmed.

**ISSUED:** June 28, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II